[Civ. No. 19753. First Dist., Div. Three. Feb. 5, 1962.]

ERNEST ROTH AND COMPANY INC., Plaintiff and Appellant, v. DONALD E. WERBY et al., Defendants and Respondents.

Miller, Osborne, Miller & Bartlett and O. Leland Osborne for Plaintiff and Appellant.

J. P. Mandl for Defendants and Respondents.

DRAPER, P. J.—Plaintiff had agreed to finance the purchase by Allied Wholesale Lumber Company, a corporation, of large quantities of Swedish insulation board. As the market for this product weakened, plaintiff sought relief from its obligation. Defendant Donald E. Werby was president of Allied. He and his wife executed a letter by which he acknowledged an advance by plaintiff, and agreed to secure letters of credit which would cover plaintiff's remaining financing obligations. Plaintiff's complaint is based upon this agreement. Defendants' answer alleged that the letter had been superseded by an oral agreement between Donald and plaintiff, fully executed by Donald, that he would sell the board for plaintiff's account and would be paid for such services. Donald's cross-complaint sought this compensation.

After nonjury trial, the court found that the letter agreement had been executed as alleged in the complaint, but that it had been wholly superseded by an oral agreement with Donald which had been fully performed by him. All other allegations of the complaint and cross-complaint were found to be untrue. No recovery was allowed on either complaint or cross-complaint, and defendants were awarded costs. Plaintiff appeals from the judgment.

Appellant argues that the findings are in irreconcilable conflict, because if the pleaded oral agreement had in fact been fully performed, cross-complainant Donald Werby was entitled to some recovery under it. ▪▪▪ Plaintiff, of course, cannot complain of the judgment in his favor on the cross-complaint. However, if the essential findings are in conflict, he is entitled to a reversal (*Spaulding* v. *Cameron*, 38 Cal.2d 265, 269-270

[239 P.2d 625]). █ But the claimed conflict does not exist. Defendant Donald Werby himself testified that plaintiff's oral agreement was to pay Allied Wholesale Lumber Company, and that he had filed a claim in the bankruptcy of that corporation for the work he did. That corporation is not a party to this action. Thus it is completely consistent to find that the oral agreement replaced and nullified the letter and was performed, and at the same time to find that Donald Werby, as an individual, is not entitled to recover from plaintiff for services rendered by him under the oral agreement.

█ At oral argument, appellant attacked the generality of the findings. While findings by general references to the pleadings have been criticized, particularly in the older cases, the propriety of this procedure is now established (2 Witkin, Cal. Procedure, pp. 1846-1847).

Judgment affirmed.

Salsman, J., and Devine, J., concurred.